### LEWIN v. KASS.
### No. 58C-135.

Circuit Court, Dade County.

January 31, 1958.

146

George N. Jahn and Melbourne L. Martin, both of Miami, for plaintiff.

Eric W. Pappas, Johnson & Pappas, Miami, for defendant.

Richard E. Gerstein, State Attorney, under provisions of section 87.10, Florida Statutes 1957.

Edwin O. Simon, Miami, and Harry Zukernick, Miami Beach, amici curiae, for Real Property, Probate & Trust Law Section of the Florida Bar.

**J. FRITZ GORDON, Circuit Judge.**

This cause came on to be heard on the plaintiff's complaint for a declaratory decree, the defendant's answer, plaintiff's motion for a final decree and a stipulation of facts entered into by the parties. The court has read and considered the briefs submitted by the parties and carefully considered the argument of counsel for the parties and the statements at the final hearing by the state attorney and counsel for the Real Property, Probate & Trust Law Section of the Florida Bar. Being fully advised in the premises, the court finds—

An actual controversy exists between plaintiff and defendant as to the validity of a contract into which they entered, a copy of which is attached to the complaint, the original of which was admitted in evidence at the final hearing, marked plaintiff's exhibit 1, as to the validity and right to be recorded of the deed required to be executed by the plaintiff under the terms of the contract, and as to the validity of the purchase money mortgage required to be executed by the defendant under the terms thereof.

Plaintiff asserts that the contract is valid, defendant contends it is invalid, null and void, that the deed required to be executed by the plaintiff would be null and void and the purchase money mortgage required to be executed by the defendant would be null and void, because of the provisions of chapter 25519, Laws of Florida 1949, as amended by chapter 30202, Laws of Florida 1955.

This court has jurisdiction to determine questions as to the validity of the said contract, as to the validity of the deed to be executed by the plaintiff under its terms, as to the validity of the purchase money mortgage to be executed by the defendant under its terms, as to the validity of chapter 25519, Laws of Florida 1949, as amended by chapter 30202, Laws of Florida 1955, and to declare the rights of plaintiff and defendant under the contract.

After the parties entered into the contract the defendant advised plaintiff that although he was willing to consummate the transaction in accordance with its terms he had been advised by his attorney that the contract is null and void, that the deed to be executed by plaintiff in conveyance of the lands therein described and the purchase money mortgage to be executed by defendant would both be void ab initio, and not entitled to record in the public records of this county because of the provisions of the said chapters, and that the defendant in reliance upon such advice of his attorney refused to proceed further and perform his contract of purchase.

It is therefore ordered, adjudged and decreed—

That the above described contract is declared to be a valid and binding contract of purchase. That the deed of conveyance required to be executed by the plaintiff and the purchase money mortgage required to be executed by the defendant under its terms would also be valid and binding, that neither the contract of purchase, nor the deed, nor the purchase money mortgage are now void or would be void ab initio, and not entitled to record in the public records of Dade County.

That chapter 25519, Laws of Florida 1949, as amended by chapter 30202, Laws of Florida 1955, are unconstitutional in that—

The titles of the chapters offend against provisions of section 16, article III of the Florida constitution in that the matters set forth in the laws are not germane to the recitals of the titles. The court finds and decrees that the titles are deceptive and misleading, as by reference thereto a reader of normal intelligence could not be readily apprised of the contents of the act or the amendment.

The act and amendment were passed by the legislature as general laws applicable to counties with a population of more than 300,000, that such classification is unreasonable, arbitrary and unlawful. Further, that the act and amendment were not enacted in compliance with provisions of sections 20 and 21, article III of the Florida constitution. The subject matter of the act and amendment, and the public purpose to be effected thereby, bear no reasonable relation to the difference in population upon which they rest. Even though passed under the guise of general laws, they are in fact local laws. No notice thereof was published prior to their enactment, nor does either the act or amendment include provisions for a referendum.

Sections 20 and 21 of chapter 25519, Laws of Florida 1949, constitute an unreasonable restraint upon plaintiff's right of property alienation and are contrary to public policy.

Inasmuch as the offending laws affect plaintiff's right to sell his property as distinguished from his right to use it, they constitute an unreasonable exercise of the police power, violate the due process clauses of both the federal and state constitutions in that they attempt to deprive plaintiff of his property without due process of law.

The offending laws further violate the equal protection provisions of the 14th amendment to the federal constitution, are arbitrary and unreasonable and are not based upon a substantial relation to the purposes for which the laws were designed.